STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MATTHEW ALSTON, LAWRENCE SIMMONS AND RICHARD BYNAM, DEFENDANTS-APPELLANTS.

Argued September 27, 1976—Decided April 7, 1977.

*Mr. Edward P. Hannigan,* Assistant Deputy Public Defender, argued the cause for appellants (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Gary H. Schlyen,* Assistant Prosecutor, argued the cause for respondent (*Mr. Burrell Ives Humphreys,* Passaic County Prosecutor, attorney).

PER CURIAM. This is a companion appeal to *State v. Canola,* 73 *N. J.* 206, decided this day. We there held that there was no liability for murder on the part of a felon when his accomplice is killed in the course of the felony by one resisting the perpetration of the crime. The same issue is presented here.

The facts disclosed at a Grand Jury hearing and a probable cause hearing, stipulated by the parties for purposes of a motion by defendants to dismiss murder indictments against them, are these. On July 15, 1974, four men approached the Milk Jug store in Paterson. While two of them, defendants Bynam and Simmons, stood lookout outside the store, the other two, Morris Addison and defendant Alston, entered. Addison, who had a gun, pulled the cashier to the back of the store while Alston went behind the register to open the drawer. August Rowe, an off-duty Passaic County constable employed part-time at the Milk Jug, entered the store, hand on his revolver, and told Alston to "freeze." Addison ran from the rear of the store with a gun in his hand and fired at Rowe. The constable drew his weapon, turned

and fired three times as the man came at him. Addison lunged past him through a plate glass window onto the sidewalk, and he later died as a result of the gunshot wounds. Simmons helped Addison into a car and drove off.

The motion by defendants to dismiss the murder indictments (there were separate indictments for armed robbery) was granted by the Law Division. The same part of the Appellate Division which decided *State v. Canola,* 135 *N. J. Super.* 224 (1975), which we are modifying today in the companion appeal, *supra,* reversed the dismissal of the indictment for the reasons set forth in its decision in *Canola.* Judge (now Justice) Handler dissented in the Appellate Division for the reasons stated in his dissent in *Canola. Id.* at 236.

Our determination in *State v. Canola* is dispositive of this appeal. For the reasons given in our opinion in that case, these defendants are not guilty of murder on the facts set forth above. The judgment of the Appellate Division is therefore reversed and the dismissal of the murder indictments is reinstated.

HUGHES, C. J., dissenting. I respectfully dissent from the opinion of the majority for the reasons set forth in my dissent in the parallel case of *State v. Canola,* 73 *N. J.* 206 (1977) decided this day.

SULLIVAN, J. (concurring in result only). I concur for the reasons set forth in my concurring opinion in the companion case of *State v. Canola,* 73 *N. J.* 206 (1977) decided this day.

Justice PASHMAN joins this opinion concurring in result only.

SULLIVAN and PASHMAN, J.J., concurring in the result.

*For reversal* — Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD — 6.

*For affirmance* — None.